**FAIRLAWN MOTOR SALES, et al v. DADE COUNTY SHERIFF, et al.**

Circuit Court, Dade County.
September 27, 1951.

Louis, Shandelman & Wright, Charles R. Morgan, Miami, for Fairlawn Motor Sales.

Daniel L. Ginsberg, Miami, for Nash Miami Motors, Inc.

Hunt, Salley & Roman, Miami, for Sheriff of Dade County.

Mallory H. Horton, Miami, for the Attorney General.

Glenn C. Mincer, Miami, State Attorney, Dade County.

VINCENT C. GIBLIN, Circuit Judge.

Sunday closing laws cannot be upheld by the courts on religious grounds because of the constitutional inhibition against the establishment of a national or state religion against legislation favoring one religious group over another. Such laws can be sustained only when they are enacted in the proper exercise by the state of its police power. The police power is abused unless it is exercised for the promotion or protection of the public health, safety, morals or general welfare.

The courts have held repeatedly that the legislature may validly enact laws providing that certain businesses may not be, and that others may be, conducted, and that certain occupations may not be, and that others may be, pursued, on Sundays. The classification, however must be reasonable and must be based on a legislative purpose to promote or protect the public health, safety, morals or general welfare; otherwise such laws are discriminatory and unconstitutional.

There are involved here laws under which the legislature has sanctioned the operation (in Dade County) on Sundays of liquor bars, beer parlors, night-clubs, "tourist attractions and concessions operated at the place of and in connection therewith", motion picture theatres, baseball parks, "outlying grocery stores", and other businesses, which are placed in an exempt or favored class. The laws prohibit the sale on Sundays of used or second-hand automobiles and the operation of many other businesses which are placed in a non-exempt and unfavored class.

Can it be argued logically that such a classification is reasonable or that it has any real or substantial relation to a legislative purpose to promote or protect the public health, safety, morals or general welfare? Surely not. It is impossible for me to appreciate the argument that the public health, safety, morals or general welfare can be promoted or protected by legislation permitting the sale of whisky and beer and prohibiting the sale of a second-hand automobile.

It is my judgment that, as applied to Dade County, chapter 26932, Laws of Florida, General Acts of 1951, and sections 855.01 and 855.02 of the Florida statutes of 1949 are unconstitutional and void and that they should not be enforced in such county.

It is ordered and decreed, therefore, that the defendants' exceptions or objections to the report filed in the cause by the special master to whom it was referred be, and they are, overruled; that such report be, and it is, approved; and that the defendant Jack B. Henderson, as sheriff of Dade County, Florida, and all of his deputies, be, and they are, and each of them is, permanently and perpetually enjoined and restrained from enforcing against the plaintiffs, Paul Antonacci and Nash Miami Motors, Inc., a Florida corporation, or either of them, the provisions of chapter 26932, Laws of Florida, General Acts of 1951, or the provisions of sections 855.01 or 855.02 of the Florida statutes of 1949.

It is further ordered and decreed that each of such plaintiffs shall pay one-half of the costs of the suit when they shall have been determined and assessed.

The court retains jurisdiction of the cause, but for the sole purpose of determining, assessing and requiring the payment of the costs of the suit.